UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANI MINASSIAN MIHRANIAN,

    Plaintiff,

v.

MICHAEL KALKIN, BNY MELLON,
GINA F. McGUIRE, KEVIN WILSON,
JASHUA MEED, CHAD MORRISON,
DONA BOSCARINO, ELMHURST
HOSPITAL, CARI PEPKIN, MEIZEN
BACHER, PRUDENTIAL GROUP
INSURANCE, MS. MENOY, PAT
THANESNANT, DOMINICK CONTI,
JENNIFER HAY, ALLSTATE, SOCIAL
SECURITY OFFICE,

    Defendants.

Civ. No. 19-14477 (KM) (ESK)

OPINION

### KEVIN MCNULTY, U.S.D.J.:

*Pro se* plaintiff Ani Minassian Mihranian brings this lawsuit against a bevy of individuals and entities connected in some manner to a car accident in which she was injured. That accident is alleged to have occurred some 37 years ago, in 1982. Before the Court are the motions to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), of the following defendants: Michael Kalkin (DE 6); The Bank of New York Mellon, Kevin Wilson, and Gina McGuire (DE 11); Pat Thanesnant (DE 25); Prudential Insurance Company of America (DE 27);[1] Dominick Conti,

---

[1] Prudential also seeks a pre-suit filing injunction, arguing that Mihranian has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints and that she will continue to file papers regarding the same claims. (DE 27-1 at 8). Because I would confine any such relief to actions filed in this court, because there has been only one such action filed here, and because such orders present difficulties in administration, I will within my discretion deny such injunctive relief at this point.

(DE 31); and Joshua Meed, Chad Morrison, and Dona Boscarino (DE 33). Also before the Court is Mihranian's motion to appoint pro bono counsel. (DE 4).

For the following reasons, the motions to dismiss are **GRANTED**. Ms. Mihranian's motion to appoint pro bono counsel is **DENIED**.

I.  **BACKGROUND**

   A. **Facts[2]**

On April 3, 1982, Mihranian was in a car accident that involved an MTA bus on Steinway Street in Astoria, New York. (Compl. 4). There is no record of the accident, but at some point soon after, Mihranian was admitted to Elmhurst Hospital, where doctors noticed that she had suffered broken ribs, a broken ankle, a broken nose, eye injury, and cuts. (Compl. 4). At Elmhurst, she received unnecessary surgery that caused her further permanent injury. (Compl. 4). She spent two weeks in inpatient care and one year in outpatient care. (Compl. at 5).

After the accident, Allstate, the DMV, BNY Mellon, and the Social Security Office prevented her from "making a claim" for her injuries. (Compl. 5). In 2016, she discovered that "they" had "claimed" her accident and taken the "injury money." (Compl. 5). Each defendant refused to provide her any information about her claims. (Compl. 5). The defendants also hacked her phone, posed as attorneys so that they could turn down her case, bribed "complaint centers," and sent her threatening letters. (Compl. 5).

   B. **The Defendants**

The following individuals and entities are defendants in this lawsuit:

- Allstate: Mirhanian's auto insurance provider;
- Michael Kalkin: an insurance agent then employed by Allstate;
- Joshua Meed (improperly pled as "Jashua Meed"), Chad Morrison, Dona Boscarino: Allstate claims handlers;

---

[2] For purposes of this motion, the facts alleged in the complaint, not yet tested by any fact finder, are assumed to be true. Docket entries will be cited as "DE __" and the complaint will be cited as "Compl."

2

- Pat Thanesnant: Allstate's outside counsel, who in 2018 represented Allstate in one of Mihranian's earlier lawsuits against it;
- The Bank of New York Mellon ("BNY Mellon"): Mihranian's employer at the time of the accident;
- Gina McGuire and Kevin Wilson: BNY Mellon's outside counsel and a BNY Mellon paralegal, respectively;
- Prudential Insurance Company of America (improperly pled as "Prudential Group Insurance"): BNY Mellon's employee-benefits underwriter;
- Elmhurst Hospital: the hospital that treated Mihranian after the accident;
- Cari Pepkin and Meizen Bacher: an Elmhurst lawyer and physician, respectively;
- the Social Security Office;
- "Ms. Menoy": an officer in the Hackensack Social Security office;
- Dominick Conti: the current manager of the New York City Transit Authority's claims processing division; and
- Jennifer Hay: an individual whose identity and connection to the dispute are unclear.[3]

### C. Procedural History

In July 2017, Mihranian filed a substantially similar lawsuit against BNY Mellon in New York City Civil Court. (DE 11-2). In April 2018, that court dismissed her claims as time-barred. (DE 11-2).

In March 2018, Mihranian filed a lawsuit against Allstate in New York Supreme Court. (DE 11-2). In November 2018, that court dismissed the action, also finding that the claims were time-barred. (DE 11-2).

---

3    Elmhurst, Cari Pepkin, Meizen Bacher, Jennifer Hay, and the Social Security Office have neither answered the complaint nor moved to dismiss. I note that several defendants state that they were not properly served and only learned of the lawsuit fortuitously. (See DE 25-2 & 46.)

3

In March 2018, Mihranian filed in New York Supreme Court yet another substantially similar lawsuit against BNY Mellon and Prudential. (DE 11-2). In September 2018, that court again dismissed the lawsuit, finding the claims barred by collateral estoppel, the statute of limitations, and deficient pleading. (DE 11-2).

In a recent letter, Ms. Mihranian refers to a New Jersey state court lawsuit, UNN-L-3789-19, apparently based on similar facts. (DE 58)

Mihranian filed this lawsuit on June 28, 2019. (DE 1). Several weeks later, she filed what she calls an "Addition" which adds some color to the complaint but does not substantively amend her earlier pleadings. (DE 18). Mihranian has also twice filed handwritten addenda on copies of the certificate of service. She has tailored those comments to the following defendants: Cari Pepkin, (DE 10); and Pat Thanesnant, Prudential, Ms. Menoy, BNY Mellon, Elmhurst, Meizen Bacher, Cari Pepkin, the Social Security Office, Michael Kalkin, Joshua Meed, Dona Boscarino, Gina McGuire, and non-parties Adam Moore, Raven Green, Michael McCanzi, and Michelle Vizzi,[4] (DE 41). Finally, Mihranian has written the Court numerous letters that generally restate her allegations. (DE 29, 30, 32, 35, 36, 37, 38, 39, 40, 44, 46, 53, 57 & 58). These supplementary filings generally do not add substance to the complaint, but unlike the complaint, they allege that the lawsuit seeks more than $75,000 in damages, the amount required to invoke federal jurisdiction under 28 U.S.C. § 1332. In the spirit of liberal interpretation of *pro se* pleadings, I will consider that jurisdictional allegation.

On November 27, 2019, Mihranian requested entry of default against Elmhurst and the Social Security Office, but the requests were denied by the clerk as improperly made. (DE 51 & 52). This case, originally assigned to the Hon. John M. Vazquez, was reassigned to me on December 30, 2019. (DE 56)

---

[4] Adam Moore, Raven Green, and Michael McCanzi (probably "Michael McKenzie") are possibly Allstate insurance claim handlers, and Michelle Vizzi is possibly a BNY Mellon lawyer. (DE 41 at 10–11).

4

## II. DISCUSSION

### A. Subject Matter Jurisdiction

Federal courts are courts of limited subject matter jurisdiction. "[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and decide the issue sua sponte . . . ." *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995). Under Fed. R. Civ. P. 12(h)(3), "if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." That obligation is paramount because subject matter jurisdiction "calls into question the very legitimacy of a court's adjudicatory authority." *Council Tree Commc'ns., Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)). Ultimately, I must dismiss a case if there is no subject matter jurisdiction because "subject matter jurisdiction is non-waivable." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

Subject matter jurisdiction exists in the federal courts on the basis of (1) diversity of citizenship, 28 U.S.C. § 1332, and (2) federal question jurisdiction, 28 U.S.C. § 1331. Diversity exists when there is "complete diversity" of the parties and the controversy's value exceeds $75,000. 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). If any plaintiff and any defendant are citizens of the same state, diversity is broken and the action must be dismissed, unless there is another basis for jurisdiction.

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a claim to "arise under" the Constitution, federal law, or a treaty, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiffs' cause of action." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (citing *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)).

For this court to have jurisdiction to hear this case, then, there must be either (1) diversity jurisdiction or (2) federal question jurisdiction. I will evaluate each possibility in turn.

### 1. Federal Question Jurisdiction

To satisfy federal question jurisdiction, a complaint must assert at least one claim that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This claim must assert a federal right or immunity created by the Constitution, a federal law, or a treaty. *Phillips Petroleum Co.*, 415 U.S. at 127–28 (citing *Gully*, 299 U.S. at 112); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908). Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

Here, Mihranian has not invoked federal question jurisdiction because she has not identified any federal statute, rule, regulation, or case as the basis for her lawsuit. Nor can I infer or discern any such federal claim. The broadest reading of her complaint suggests that she is alluding to a common-law fraud claim, which is governed by state law. For these reasons, Mihranian has not invoked this Court's federal-question jurisdiction.

### 2. Diversity Jurisdiction

The Constitution provides, in Article III, section 2, that "[t]he judicial Power [of the United States] shall extend . . . to Controversies . . . between Citizens of different States." Congress has authorized federal courts to exercise jurisdiction based on diversity of citizenship since the Judiciary Act of 1789. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In *Strawbridge v. Curtiss*, the Supreme Court construed the original Judiciary's Act's diversity provision to require complete diversity of citizenship. 7 U.S. (3 Cranch) at 267. This interpretation has persisted. The current diversity of citizenship statute permits federal district court jurisdiction in suits for more than $75,000

"between . . . citizens of different states." 28 U.S.C. § 1332(a). This applies "only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Lewis*, 519 U.S. at 68.

Mirhanian's complaint does not allege an amount in controversy. Later filings *do* claim damages in excess of $75,000, and I will assume *arguendo* that this is so. The complaint falls short nonetheless, because it does not allege that the parties are completely diverse. Nor do the circumstances suggest that this is a mere technical pleading deficiency. Plaintiff notes that she lives in New Jersey, and her complaint suggests that at least two defendants— Ms. Menoy of the Social Security Administration and "Whoever is Handling My SSD Case"—are also New Jersey residents. Diversity jurisdiction, then, is neither pled nor suggested by the facts that are pled.

Subject matter jurisdiction appears to be lacking. Because it is conceivable that this flaw might be cured by amendment, I will, in the interest of efficiency, consider other, alternative grounds for dismissal

### B. Personal Jurisdiction

A plaintiff bears the burden of establishing sufficient facts to show that personal jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2001). While a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff, *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002), it must still examine any evidence presented with regard to disputed factual allegations, *see, e.g., Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155–56 (3d Cir. 2010) (examining the evidence supporting the plaintiffs allegations); *Patterson v. FBI*, 893 F.2d 595 , 603–04 (3d Cir. 1990) ("Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, *i.e.* whether *in personam* jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through

sworn affidavits or other competent evidence.") (quoting *Time Share Vacation Club v. Atl Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

The plaintiff "need only establish a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Nevertheless, a plaintiff may not "rely on the bare pleadings alone" in order to withstand a motion to dismiss for lack of personal jurisdiction. "Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Patterson*, 893 F.2d at 604 (internal citations omitted); *Time Share Vacation Club*, 735 F.2d at 66 n.9.

To assess whether it has personal jurisdiction over a defendant, a district court will undertake a two-step inquiry. *IMO Indus., Inc. v. Kiekert, AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, the court is required to use the relevant state's long-arm statute to see whether it permits the exercise of personal jurisdiction. *Id.*; Fed. R. Civ. P. 4(k). "Second, the court must apply the principles of due process" under the federal Constitution. *WorldScape, Inc. v. Sails Capital Mgmt.*, No. 10-4207, 2011 U.S. Dist. LEXIS 86643, 2011 WL 3444218 (D.N.J. Aug. 5, 2011) (citing *IMO Indus.*, 155 F.3d at 259).

In New Jersey, the first step collapses into the second because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales*, 384 F.3d at 96 (citing N.J. Ct. R. 4:4-4(c)). Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A district court may hear a case involving a non-resident defendant if it possesses either of two kinds of personal jurisdiction: general or specific. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15 & n.9 (1984). A court may exercise general jurisdiction when a defendant has

"continuous and systematic contacts" with the forum state. *Id.* at 415 n.9. The defendant's "contacts need not relate to the subject matter of the litigation," *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F.Supp.2d 629, 633 (D.N.J. 2004), but must rise to "a very high threshold of business activity.'" *Id.* at 633 (quoting *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 891 (3d Cir. 1981)). The facts required to establish sufficient contacts for general jurisdiction must be extensive and persuasive. *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982). In other words, the plaintiff must demonstrate "significantly more than minimum contacts." *Provident Nat'l Bank*, 819 F.2d at 437.

In contrast to general jurisdiction, specific jurisdiction relies on the defendant's forum-related activities that give rise to the plaintiff's claims. *See Helicopteros*, 466 U.S. at 413–14. Establishing specific jurisdiction requires a three-part inquiry: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). The defendant need not be physically located in the state while committing the alleged acts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984). A single act may satisfy the minimum contacts test if it creates a substantial connection with the forum. *Burger King*, 471 U.S. at 476 n.18.

Here, the event at issue is a car accident that occurred in New York. Moreover, many of the defendants are New York residents. Of the several individual moving defendants, only Meed, Morrison, Boscarino, (DE 33-1), Kalkin, (DE 6-1), and Thanesnant, (DE 25-2), raised personal jurisdiction as a

9

bar to Mihranian's lawsuit.[5] Each noted that he or she is a resident of New York and is employed by a New York entity. Each also pointed out that Mihranian has not alleged that they regularly do business in or have regular contact with New Jersey. On these facts, they rightly conclude that they are not subject this Court's general jurisdiction. Meed, Morrison, Boscarino, Kalkin, and Thanesnant also observe that the car accident took place in New York and that Mihranian's ensuing disputes concerned their New York-based employers. Accordingly, Mihranian has also failed to allege that Meed, Morrison, Boscarino, Kalkin, and Thanesnant are subject to this Court's specific jurisdiction.

### C. Failure to State a Claim
#### 1. Applicable Standard

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trs. Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to

---

[5] Conti in passing mentions personal jurisdiction but did not brief the issue. (DE 31-12 at 1 & 11). In any event, Conti, an employee of the New York City Transit Authority, provides numerous other grounds for dismissal. Although the complaint's lack of specificity impairs analysis, it may be that venue is improper as well.

10

relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

However, a plaintiff alleging fraud or mistake must meet a heightened pleading standard under Fed. R. Civ. P. 9(b). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). As the Third Circuit has explained, "[a] plaintiff alleging fraud must therefore support its allegations with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where[,] and how of the events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (citing *In re Rockefeller Ctr. Props., Inc. Securities Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)) (citation and quotation marks omitted). In other words, a plaintiff may satisfy this requirement by pleading "the date, time[,] and place" of the alleged fraud or deception, or by "otherwise inject[ing] precision or some measure of substantiation" into the allegation. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 224 (3d Cir. 2004)).

The heightened specificity required by Rule 9(b) extends to the pleading of all claims that "sound in fraud." *See Giercyk v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 13-6272, 2015 U.S. Dist. LEXIS 162628, 2015 WL 7871165 at *2 (D.N.J. Dec. 4, 2015); *Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 372 (D.N.J. 2015).

Where, as here, the plaintiff is proceeding pro se, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

The Third Circuit has liberally permitted pleading amendments to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Indeed, where a complaint is dismissed on Rule 12(b)(6) grounds, "a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (emphasis added); *accord Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)).

### 2. Analysis

Here, the underlying event alleged in the complaint is a 1982 car accident and a subsequent, vaguely described, denial of benefits. However, Mihranian fails to allege any coherent claims against any defendant with respect to those events. In particular, as it concerns several individual defendants, the complaint contains neither an allegation of wrongdoing nor any mention at all. Those individuals appear to have been named solely because they were employed by the entities Mihranian was already suing.[6]

In the complaint, Mihranian does not cite any statutes, common law doctrines, or facts that give rise to a legal claim. Instead, she vaguely alleges

---

[6] Specifically, McGuire served as outside counsel for BNY Mellon, Wilson was a paralegal employed by BNY Mellon, and Thanesnant defended Allstate in Mihranian's earlier lawsuit against it.

that she was denied "injuries money" in connection with a car accident that occurred thirty-seven years ago and that she learned in 2016 that unidentified persons, in some unidentified manner, stole her identity and claimed her "injuries money" without her knowledge. She does not state who awarded such monies, which defendants allegedly diverted them, or how, when, or where this was accomplished. Nor does she identify how she belatedly learned of the defendants' wrongdoing. In short, Mihranian has not *factually* stated any such claim.[7]

In the alternative, I consider the argument that the complaint engages in impermissible group pleading in violation of Fed. R. Civ. P. 8. Mihranian's filings contain the kind of group pleading that has led courts in this district to dismiss complaints in the past. This type of pleading fails to satisfy Rule 8 "because it does not place Defendants on notice of the claims against each of them." *Sheeran v. Blyth Shipholding S.A.*, 2015 U.S. Dist. LEXIS 168019, 2015 WL 9048979 at *3 (D.N.J. Dec. 16, 2015) (citing *Ingris v. Borough of Caldwell*, 2015 U.S. Dist. LEXIS 74255, 2015 WL 3613499 at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Shaw v. Hous. Auth. of Camden*, 2012 U.S. Dist. LEXIS 112655, 2012 WL 3283402 at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to contain allegations showing how each defendant was liable and noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants.")). Indeed, Mihranian has not differentiated between defendants; the complaint does not indicate which particular defendant she associates with the many bad acts she alleges they collectively committed.

---

[7] In addition to not stating a claim generally, insofar as the complaint seeks to allege fraud, the pleadings have not satisfied the more rigorous standards imposed by Fed. R. Civ. P. 9(b).

13

Because of this deficiency, the complaint also fails on the grounds of impermissible group pleading.

### D. Res Judicata (Claim Preclusion) and Collateral Estoppel (Issue Preclusion)

Defendants assert that the current complaint must be dismissed on grounds of res judicata (claim preclusion) and collateral estoppel (issue preclusion).[8] It is true, of course, that claim and issue preclusion are affirmative defenses, but they may be raised on a motion to dismiss in an appropriate case:

> The defense of claim preclusion, however, may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision. *Cf. Connelly Found. v. Sch. Dist. of Haverford Twp.*, 461 F.2d 495, 496 (3d Cir.1972) (res judicata may be raised in motion to dismiss prior to answer). Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n. 3 (3d Cir.1988).

*Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x. 36, 38 (3d Cir. 2008).

"[T]he binding effect of a judgment is determined by the law of the jurisdiction that rendered it." *Chrin v. Ibrix, Inc.*, No. 06-6226, 2007 WL 1544209 at *4 (D.N.J. May 29, 2007) (quoting Restatement (Second) of Conflict of Laws § 95, cmt. e (1971); *Untracht v. W. Jersey Health Sys.*, 803 F. Supp. 978, 982 (D.N.J. 1992), *aff'd*, 998 F.2d 1006 (3d Cir. 1993) (recognizing that "a federal court must give to a state court judgment the 'same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered'" (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Thus, this Court applies New York law to determine whether res judicata (claim preclusion) and collateral estoppel (issue preclusion) bar Ms. Mirhanian's claims.

---

[8] Confusingly, the term "res judicata" is sometimes used to refer to the preclusion doctrines collectively. I here use it in its narrower sense as a synonym for claim preclusion.

14

In 2017 and 2018, Mihranian filed at least three lawsuits in connection with the same car accident that is at issue here, against the following defendants:

- BNY Mellon, in New York City Civil Court, which was dismissed as time-barred;
- Allstate, in New York Supreme Court, which was also dismissed as time-barred; and
- BNY Mellon and Prudential, also in New York Supreme Court, which was dismissed on collateral-estoppel, statute-of-limitations, and deficient-pleading grounds.

All of those judgments are final.

Under the doctrine of res judicata, or claim preclusion, when "claims asserted in the instant complaint duplicate [the claims] asserted by the present plaintiff and [were] dismissed in a now concluded prior action between the same parties, the presently asserted claims are barred . . . ." *Rubens v. Tintle*, 683 N.Y.S.2d 854, 854 (N.Y. App. Div. 1st Dep't 1999). In determining whether prior claims "duplicate" current ones, courts apply a "transactional approach," whereby "a set of facts will be deemed a single 'transaction' for res judicata purposes if the facts are closely related in time, space, motivation, or origin, such that treating them as a unit would be convenient for trial and would conform to the parties' expectations." *Schwartzreich v. E.P.C. Carting Co.*, 246 A.D.2d 439, 441 (N.Y. App. Div. 1st Dep't 1998).

BNY Mellon and Prudential, both defendants in Mihranian's prior lawsuits, argue that the present claims are barred by res judicata. (DE 11-1 & 27-1). I agree. Mihranian's claims arise from the same factual transactions—the 1982 car accident and the subsequent denial of benefits—as her earlier lawsuits. Those lawsuits went to judgment, extinguishing all claims arising from those events that were or could have been asserted against those parties. Res judicata bars such claims against BNY Mellon and Prudential.

The related doctrine of collateral estoppel, or issue preclusion, "bars the relitigation of 'an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 31 N.Y.3d 64, 72 (2018) (citation omitted). Collateral estoppel applies when the following two elements are satisfied: (1) "the issue in the second action [is] identical to an issue which was raised, necessarily decided and material in the first action"; and (2) "the party to be precluded must have had a full and fair opportunity to litigate the issue in the earlier action." *Kim v. Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 A.D.3d 18, 23 (N.Y. App. Div. 1st Dep't 2014). By contrast with res judicata, "only the party sought to be collaterally estopped must have been a party to the action when the prior determination was made." *3 E. 54th St. New York, LLC v. Patriarch Partners Agency Servs. LLC*, 110 A.D.3d 516, 516-17 (N.Y. App. Div. 1st Dep't 2013). Collateral estoppel, then, would apply as against Mihranian, the party sought to be estopped, irrespective of whether the defendants in the earlier actions duplicate those she now sues.

Mihranian is collaterally estopped from relitigating those earlier-decided issues against all defendants here, because the issues were raised and necessarily decided in the earlier actions, and she had a fair opportunity to litigate them. *See Kim*, 120 A.D.3d at 23. Such issues include those courts' determinations that the claims were barred by collateral estoppel (in relation to still-earlier actions), and that they were time-barred under the applicable statutes of limitations. (The statute of limitations is further discussed in Section II.E, immediately following.)

In short, Mihranian's claims and issues are essentially identical to those she litigated and lost in prior actions in New York. This action is little more than an attempt to reassert them in a New Jersey forum. The complaint is barred by res judicata and collateral estoppel.

**E. Statute of Limitations**

Defendants assert that claims arising from this 1982 accident are barred by the statute of limitations. Where the necessary facts can be gleaned from the complaint and other matters properly considered on a motion to dismiss, a court may consider a statute of limitations defense on a Rule 12(b)(6) motion. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

New York law governs the statute of limitations in this case, because New York has the "most significant relationship" to this dispute. *See McCarrell v. Hoffmann-La Roche, Inc.*, 227 N.J. 569, 574 (2017) (court should apply law of the state with the "most significant relationship to important issues in the case"); *see also Klaxon v. Stentor*, 313 U.S. 487, 496 (1941) (federal courts sitting in diversity apply the choice-of-law rules of the forum state). Mirhanian's car accident occurred in New York and the claims arise out of benefits supposedly owed to her by her New York-based employer. Moreover, most of the defendants are New York residents or entities, some of whom have no connection to New Jersey at all. On the other hand, Mihranian has not alleged that New Jersey has any connection to this dispute—apart from her current residence here (Mihranian acknowledges that she lived in New York at the time of the accident). Accordingly, New York has the most significant relationship to the dispute, and therefore New York law will govern.

Mihranian alleges that the accident occurred on April 3, 1982 and that she was the victim of substandard care and denials of rightful compensation in the period thereafter. Under New York law, negligence claims are governed by a three-year statute of limitations. CPLR § 214. Breach of contract claims are governed by a six-year statute of limitations. CPLR § 213(2). The same time limit applies to statutory claims for unpaid benefits under New York labor law. N.Y. Lab. Law § 198(3). Thus, these limitations periods all expired in the mid- to-late 1980s.

Ms. Mihranian also alleges, however, that it was not until 2016 that she discovered certain defendants' fraud in relation to the benefits she was owed.

"A cause of action based upon fraud must be commenced within six years from the time of the fraud, or within two years from the time the fraud was discovered, or with reasonable diligence could have been discovered, whichever is longer." *Coleman v. Wells Fargo & Co.*, 4 N.Y.S.3d 93, 94 (N.Y. App. Div. 2d Dep't 2015). Even under the tolling provision that provides for belated discovery of a fraud, this action is barred because Mihranian did not file this lawsuit until June 28, 2019—more than two years after the alleged discovery in 2016.[9]

### F. Motion to Appoint Pro Bono Counsel

Ms. Mihranian, who appears *pro se*, requests appointment of *pro bono* counsel.

Indigent persons raising civil rights claims have no absolute right to counsel, and appointment of *pro bono* counsel is discretionary with the Court. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).[10] For the reasons expressed above, that threshold showing has not been made here. The motion for appointment of *pro bono* counsel is denied.

---

[9] I do not reach the issue of whether the circumstances surrounding nonpayment of benefits in relation to a 1982 accident should have been discovered, with reasonable diligence, sometime before 2016. As noted above, however, the complaint wholly fails to allege the circumstances or nature of the fraudulent denial or diversion of benefits.

[10] In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors).

### III. CONCLUSION

For the reasons set forth above, the defendants' motions to dismiss are **GRANTED**. Because amendment of the complaint would be futile, the Rule 12(b)(6) component of the dismissal is with prejudice. Because the grounds for dismissal have blanket applicability, the dismissal is deemed to apply to non-appearing defendants (see n.3, supra) as well. Ms. Mihranian's motion to appoint pro bono counsel is **DENIED**.

A separate order will issue.

Dated: January 15, 2020

*[signature]*

**Hon. Kevin McNulty**
**United States District Judge**